UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIAMALYNN DOREECE ARNOLD,

    Plaintiff,

v.                                                                  Case No. 24-12920

CHILD PROTECTIVE SERVICES, *et al.*,        Sean F. Cox
                                                                                                                          United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 19 & 20)
AND DENYING ECF NO. 29 AS MOOT**

Acting *pro se*, and proceeding *in forma pauperis*, Plaintiff filed this action asserting claims against Defendants Child Protective Services and the Detroit Police Department. The matter is currently before the Court on motions to dismiss filed by each of the two Defendants. The motions have been briefed and the Court concludes that oral argument is not necessary. Local Rule 7.1. For the reasons that follow, the Court GRANTS the motions, dismisses Plaintiff's claims with prejudice, and certifies that any appeal in this case would not be taken in good faith.

**BACKGROUND**

Acting *pro se*, Plaintiff Diamalynn Doreece Arnold filed this action on November 4, 2024, asserting claims against the following two defendants: 1) Child Protective Services; and 2) the Detroit Police Department. The action was filed in federal court based upon federal-question jurisdiction. Plaintiff is proceeding *in forma pauperis*. (*See* ECF No. 6).

After Defendant Child Protective Services filed a Motion to Dismiss on January, 2, 2025,

on January 23, 2025, this Court issued its standard order, giving Plaintiff the option of responding to the motion or filing an amended complaint in order to attempt to cure any pleading deficiencies. (*See* ECF No. 16). Plaintiff chose to file an Amended Complaint, which she filed on January 22, 2025. (ECF No. 17). This Court then denied the Motion to Dismiss as moot.

Thus, Plaintiff's Amended Complaint is now the operative complaint. It asserts claims against the same two Defendants (Child Protective Services, an agency within the Michigan Department of Health and Human Services, and the Detroit Police Department) (ECF No. 17 at PageID.61).

On February 3, 2025, Child Protective Services filed a Motion to Dismiss, challenging Plaintiff's Amended Complaint. (ECF No. 19). In addition, on February 3, 2025, the Detroit Police Department filed its own Motion to Dismiss. (ECF No. 20). Plaintiff filed a combined response brief, that responded to both motions. (ECF No. 21). Without seeking leave to do so, Plaintiff filed additional briefs. (ECF Nos. 24, 25 & 28).

## ANALYSIS

**I.     Plaintiff's Claims Against The Detroit Police Department Are Dismissed Because It Is Not An Entity Capable Of Being Sued.**

In its Motion to Dismiss, Defendant the Detroit Police Department asserts that Plaintiff's claims against it must be dismissed because it is not an entity capable of being sued. It further asserts that Plaintiff's Amend Complaint also fails to state a viable claim against it in any event.

Although Plaintiff opposes this motion, her brief does not respond to Defendant's legal argument that it is not an entity capable of being sued.

The Court grants Defendant's motion. Plaintiff's Complaint must be dismissed as to the Detroit Police Department because a police department is not an entity that is subject to suit. *See*

*Matthews v. Joines*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Laise v. City of Utica*, 970 F.Supp. 605, 607 (E.D. Mich. 1997) (dismissing claim against Utica Police Department because it is not an entity capable of being sued); *Knight v. Wayne County Prosecutor's Office*, 2013 WL 2190175 at *3 (E.D. Mich. 2013) (dismissing claims against Detroit Police Department).

**II.     Plaintiff's Remaining Claims Are Also Dismissed For Several Reasons.**

In its Motion to Dismiss, Defendant Child Protective Services ("CPS") notes that it is a program within the Michigan Department of Health and Human Services ("MDHHS") and asserts that Plaintiff's claims against it must be dismissed for several reasons.

First, Defendant CPS contends that all claims against it should be dismissed based upon sovereign immunity. This Court recently analyzed that same argument in another case asserted against a child protective services agency. *Marshall v. Wayne County Dep't of Child Protective Services*, 2020 WL 5209298 (E.D. Mich. 2020). That same analysis applies here, and thus it appears that Defendant CPSis entitled to sovereign immunity. And even if it was not entitled to such immunity, Plaintiff's claims asserted against Defendant CPS fail to state a claim in any event.

**A.     Fourth Amendment Claim**

Defendant CPS notes that Plaintiff's Amended Complaint asserts a Fourth Amendment violation pursuant to 42 U.S.C. § 1983. (ECF No. 17 at PageID.62). Defendant CPS contends that Plaintiff has not pleaded a viable Fourth Amendment claim against it for several reasons, including that Plaintiff has not alleged that a search or seizure occurred. The Court agrees that Plaintiff's Amended Complaint fails to state a viable Fourth Amendment claim against Defendant CPS.

3

### B. ADA Retaliation Or Coercion Claim

Plaintiff's Amended Complaint makes a cursory reference to "42 U.S.C. § 12203(b)." (ECF No. 17 at PageID.62). Defendant CPS correctly notes that § 12203 is the section of the Americans with Disabilities Act ("ADA") that protects individuals from retaliation and coercion for having engaged in activities that protected under the ADA. 42 U.S.C. § 12203; *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 641 (7th Cir. 2004) (The ADA prohibits retaliation against an employee for having filed a charge of discrimination.). Defendant CPS asserts that any such claim that Plaintiff seeks to assert against it in this case must be dismissed for failure to state a viable claim. Again, the Court agrees. Plaintiff's Amended Complaint lacks any factual allegations that could support a retaliation or coercion claim under the ADA.

### C. Claims Asserted Under Two Criminal Statutes

Plaintiff's Amended Complaint makes a cursory reference to "18 U.S.C. § 241 and 18 U.S.C. § 242." (ECF No. 17 at PageID.62). Defendant CPS's motion asserts that any claims asserted by Plaintiff under those criminal statutes must be dismissed because they do not provide a private cause of action. The Court agrees. *See United States v. Oguaju,* 76 F. App'x 579, 581 (6th Cir. 2003) (holding that district court properly dismissed claim under §§ 241 and 242 because there is no private right of action under those statutes); *see also Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2003).

### D. Sixth Amendment Claim

Plaintiff's Amended Complaint asserts that Plaintiff's Sixth Amendment rights were

violated.  (ECF No. 17 at PageID.62).  Defendant CPS contends that any Sixth Amendment claims asserted by Plaintiff must be dismissed because the Sixth Amendment protections are confined to criminal proceedings and there are no allegations in the Amended Complaint that Plaintiff was subjected to a criminal proceeding.  The Court agrees.  *See, eg., Kirby v. Illinois,* 406 U.S. 682, 690 (1972) (The guarantees of the Sixth Amendment apply only to criminal prosecutions.).

## CONCLUSION & ORDER

Accordingly, the Court ORDERS that Defendants' Motions to Dismiss (ECF Nos. 19 and 20) are GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.  The Court further CERTIFIES that any appeal in this case would not be taken in good faith.

IT IS FURTHER ORDERED that Plaintiff's February 24, 2025 motion seeking leave to upload media images (ECF No. 29) is DENIED AS MOOT.

IT IS SO ORDERED.


Dated:  March 24, 2025                             s/Sean F. Cox                          
                                                   Sean F. Cox
                                                   United States District Court Judge

I hereby certify that on March 24, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                   s/Emily Vradenburg                     
                                                   Case Manager